**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LEON STERLING**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 22-584**

**THE KANSAS CITY SOUTHERN**                         **SECTION: "G"(3)**
**RAILWAY COMPANY**

**ORDER AND REASONS**

Before the Court is Defendant The Kansas City Southern Railway Company's ("KCSR")

Motion to Dismiss.[1] Sterling opposes the motion.[2] KCSR seeks dismissal of Sterling's claims

alleging they are barred by *res judicata* and the statute of limitations.[3] Considering the motion, the

memoranda in support and in opposition, the record, and the applicable law, the Court finds that

the statute of limitations for Sterling's claims have run. Therefore, the Court grants KCSR's

motion and dismisses Sterling's claims.

**I. Background**

On March 8, 2022, Sterling filed a Complaint in this Court against KCSR.[4] Sterling alleges

that he was employed by KCSR from approximately 1970 until 2005 as a laborer, brakeman, and

conductor.[5] According to the Complaint, during his employment with the KCSR, Sterling was

---

[1] Rec. Doc. 7

[2] Rec. Doc. 15.

[3] Rec. Doc. 7-1.

[4] Rec. Doc. 1.

[5] *Id.* at 2.

1

exposed to "various toxic substances and carcinogens known to cause cancer including diesel exhaust/fumes/smoke, including benzene and polycyclic aromatic hydrocarbons ('PAHs') and creosote; and asbestos dusts, particulate, and fibers."[6] Sterling asserts that the exposure to these substances "caused, in whole or in part, his development of [colorectal] cancer."[7] The Complaint does not specify when Sterling developed cancer, but it alleges that Sterling could not have become aware that his employment was a potential cause of his cancer until approximately March 1, 2021.[8] Sterling brings negligence claims against KCSR under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA") and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 ("ILA").[9]

On August 25, 2022, KCSR filed a Counterclaim for damages against Sterling.[10] KCSR alleges that Sterling breached a prior Settlement Agreement (the "Settlement Agreement") between the parties by filing suit in this Court.[11] In KCSR's Counterclaim, it asserts that Sterling originally filed suit against it in 2002 in the Circuit Court of Hinds, Mississippi (the "Mississippi Complaint") for allegedly violating the FELA by exposing Sterling "to hazardous materials, including but not limited to, asbestos, creosote, and benzene."[12]

---

[6] *Id.* at 2–3.

[7] *Id.* at 3.

[8] *Id.* at 9.

[9] *Id.* at 1, 4–9.

[10] Rec. Doc. 29 at 1-5.

[11] *Id.*

[12] Rec. Doc. 7-1 at 1.

On May 9, 2022, KCSR filed the instant motion to dismiss.[13] On June 14, 2022, Sterling opposed the motion.[14] On June 27, 2022, KCSR filed a reply brief in further support of the motion.[15] On September 15, 2022, Sterling filed a motion to dismiss KCSR's Counterclaim.[16] On September 27, 2022, KCSR filed an opposition to Sterling's motion to dismiss KCSR's Counterclaim.[17]

## II. Parties' Arguments

### A.    KCSR's Arguments in Support of its Motion to Dismiss

According to KCSR, Sterling originally filed the Mississippi Complaint in 2002 alleging it violated the FELA by exposing Sterling "to hazardous materials, including but not limited to, asbestos, creosote, and benzene."[18] In 2006, Sterling reached a compromise out of court with KCSR that released all claims "arising from [Sterling's] alleged exposure to . . . asbestos, asbestos-containing materials, any and all chemicals . . . creosote [and] benzene."[19] KCSR notes that the only future harm arising from Sterling's exposure to these materials that was carved out of the Settlement Agreement was "cancer originating in the lung."[20] For these reasons, KCSR asserts

---

[13] Rec. Doc. 7.

[14] Rec. Doc. 15.

[15] Rec. Doc. 21.

[16] Rec. Doc. 31.

[17] Rec. Doc. 33 at 3-7.

[18] Rec. Doc. 7-1 at 1.

[19] *Id.* at 1–2.

[20] *Id.* at 2.

that Sterling's claims are barred by *res judicata* because he previously sued KCSR for his exposure to toxic chemicals and settled the claims at issue in this lawsuit.[21]

Alternatively, KCSR argues that Sterling's claims are barred by the statute of limitations.[22] KCSR highlights that claims under the FELA are subject to a three-year statute of limitations.[23] KCSR contends that Sterling's prior lawsuit establishes that he knew no later than 2006 that: (1) he was exposed to toxic substances in his employment with KCSR and (2) there was a substantial risk that such exposure could cause him cancer.[24] Therefore, KCSR argues that Sterling's claims are barred by the statute of limitations.[25]

**B.      *Sterling's Arguments in Opposition to KCSR's Motion***

In his opposition, Sterling first states that he was diagnosed with colorectal cancer on or about June 3, 2015.[26] Sterling advances three arguments in opposition of KCSR's motion.[27]

First, Sterling argues that the doctrine of *res judicata* does not preclude these claims because they are factually different than those alleged in the Mississippi Complaint.[28] Sterling points out that the Mississippi Complaint only claimed exposure to asbestos and did not include a diagnosis of cancer of any type, but rather a fear of cancer.[29] As such, Sterling argues that the

---

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 15 at 2.

[27] *Id.* at 1.

[28] *Id.* at 3.

[29] *Id.*

instant claims are clearly separate from the injuries previously pled, and thus the settlement lacks any *res judicata* effect between the parties.[30]

Next, Sterling argues that the Settlement Agreement is void with regard to Sterling's colorectal cancer.[31] Sterling asserts that colorectal cancer was not a known injury at the time the agreement was signed, since Sterling was diagnosed over nine years later.[32] Sterling further argues that the Settlement Agreement cannot apply to bar this suit because its boilerplate language does not reflect the intent of the parties to include this claim in the release of liability.[33] Sterling contends that the Settlement Agreement cannot apply to his instant claim for colorectal cancer because the Mississippi Complaint refers only to a fear of cancer, and the Settlement Agreement specifically excludes lung cancer.[34]

Finally, Sterling argues that the Complaint is timely under the discovery rule.[35] Sterling asserts that he did not possess information that would cause a reasonable person to investigate whether his work with KCSR was a potential cause of his colorectal cancer until he viewed a legal services advertisement around approximately March 2, 2021.[36] Therefore, Sterling contends that the statute of limitations on his action has not run pursuant to the discovery rule.[37]

---

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.* at 5 (citing *Babbit v. Norfolk & W. Ry.*, 104 F.3d 89, 93 (6th Cir. 1997)).

[33] *Id.* at 6 (citing *Wicker v. Conrail*, 142 F.3d 690, 701 (3rd Cir. 1998)).

[34] *Id.*

[35] *Id.* at 7.

[36] *Id.*

[37] *Id.*

### C.     KCSR's Arguments in Further Support of the Motion to Dismiss

In its reply, KCSR argues that the Settlement Agreement, not the Mississippi Complaint, controls the scope of claim preclusion under the principles of *res judicata*. [38] KCSR contends that since the Settlement Agreement covered Sterling's development of colorectal cancer, the instant claims are barred by *res judicata*. [39]

Next, KCSR argues that the Settlement Agreement is enforceable as written. [40] KCSR asserts that the Fifth Circuit interprets settlement agreements in FELA cases by applying general contract principles. [41] KCSR avers that the Settlement Agreement did not contain mere "boilerplate language" and is not limitless considering that the parties negotiated to exclude "cancer originating in the lung." [42] KCSR contends that this carveout of a specific type of cancer demonstrates that the release of liability was not a boilerplate litany of all possible harms. [43] Furthermore, KCSR points out that the Settlement Agreement specifically states that Sterling read the entire agreement, was advised by counsel, understood the agreement's terms, and voluntarily accepted them. [44]

Lastly, KCSR asserts that Sterling's claims are barred by the statute of limitations. [45] KCSR contends that the discovery rule applies in instances where the fact of injury was "unknown or

---

[38] Rec. Doc. 21 at 1.

[39] *Id.* at 2.

[40] *Id.*

[41] *Id.* at 2–3.

[42] *Id.* at 3–4.

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.*

unknowable."[46] KCSR argues that Sterling was aware that he was exposed to toxic substances at work that could cause him cancer no later than 2005, and he was aware of his injury when he was diagnosed with colorectal cancer on June 3, 2015.[47] Accordingly, KCSR contends that Sterling had actual knowledge of both his injury and its possible cause no later than June 3, 2015, and this Court should dismiss Sterling's claims, applying the FELA's three-year statute of limitations.[48]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[49] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[50] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[51] "Factual allegations must be enough to raise a right to relief above the speculative level."[52] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[53]

---

[46] *Id.*

[47] *Id.*

[48] *Id.* at 5.

[49] Fed. R. Civ. P. 12(b)(6).

[50] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[51] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[52] *Twombly*, 550 U.S. at 555.

[53] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[54] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[55] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[56] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[57] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[58] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[59] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[60] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[61]

[54] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[55] *Iqbal*, 556 U.S. at 678–79.

[56] *Id.* at 679.

[57] *Id.* at 678.

[58] *Id.*

[59] *Id.*

[60] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[61] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

### A.    Whether Sterling's Claims are Barred by the Statute of Limitations

This Court finds that Sterling cannot maintain the instant suit because the statute of limitations on his claims has run.[62] Claims under the FELA are subject to a three-year statute of limitations.[63] For the reasons articulated below, this Court finds that the statute of limitations for Sterling's claims have run.

Where a plaintiff's claim under the FELA arises from injuries sustained over time rather than those traceable to a single, traumatic incident, the discovery rule applies.[64] Under the discovery rule, "a cause of action accrues when the claimant becomes aware[] or should become aware that he has been injured and that his injury is work related."[65] "A plaintiff need not know about his legal rights in relation to the fact of his injury and its connection to his work in order for his cause of action to accrue."[66] The Fifth Circuit has consistently rejected the argument that a plaintiff's cause of action does not accrue under the discovery rule until legal counsel informs him of the causes of action available.[67]

In *Landry v. Union Pacific Railroad Co.*, another judge in the Eastern District of Louisiana found that advice from legal counsel informing a plaintiff of their legal right to sue some five years

---

[62] This Court need not address the arguments to the validity of the Settlement Agreement under the FELA because this action is barred under the statute of limitations.

[63] 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.").

[64] *See Dubose v. Kansas City S. R.R. Co.*, 729 F.2d 1026, 1028–29 (5th Cir. 1984) (citing Restatement (Second) of Torts § 899 cmts. c & e (Am. L. Inst. 1977)).

[65] *Landry v. Union Pac. R.R. Co.*, No. 97-3217, 1998 U.S. Dist. LEXIS 15776, at *5–6 (E.D. La. Sept. 25, 1998) (Reavley, J.) (citing *Urie v. Thompson*, 337 U.S. 163, 170 (1949)).

[66] *Id.* at *7.

[67] *Dubose*, 729 F.2d at 1029.

after seeking treatment for his progressive injuries was insufficient to invoke the discovery rule.[68] The court found that the plaintiff's ignorance of his legal rights does not impact the accrual date, and that the plaintiff should have known the link between his employment and his injuries because he sought treatment for them.[69]

Like the plaintiff in *Landry*, Sterling cannot invoke the discovery rule to maintain his claims based upon the date he became aware of his legal rights. Here, Sterling alleges that he did not discover information that would cause a reasonable person to investigate whether he had a claim against KCSR until "he viewed a legal services advertisement [on] approximately March 2, 2021."[70] Sterling knew that he was exposed to toxic substances at work no later than 2005 because the negotiation of the Settlement Agreement commenced around that time. Additionally, Sterling was diagnosed with colorectal cancer on June 3, 2015.[71] Under these facts, Sterling has not sufficiently demonstrated that he had no reasonable opportunity to discover the critical facts of his injury and its cause within the approximate six-year period between diagnosis and viewing the legal advertisement.[72]

In line with precedent applying the discovery rule, this Court finds that Sterling knew or should have known that his work and exposure to the alleged chemicals at work caused his colorectal cancer at or shortly after the time of his diagnosis. Therefore, Sterling's claims accrued on or around June 3, 2015, and the instant Complaint is barred under the statute of limitations.

---

[68] *Landry*, 1998 U.S. Dist. LEXIS 15776, at *7.

[69] *Id.* at *7–8.

[70] Rec. Doc. 15 at 7.

[71] *Id.* at 1.

[72] *See Dubose*, 729 F.2d at 1029.

**B.**    ***Sterling's Motion to Dismiss KCSR's Counterclaim***

KCSR's Counterclaim is based on the validity of the Settlement Agreement.[73] This Court will not address the validity of the Settlement Agreement under the FELA at this time, because Sterling's claims are barred under the statute of limitations. It is unclear to the Court whether KCSR intends to pursue the Counterclaim following dismissal of the main demand. Accordingly, the Court orders that KCSR file a responsive brief indicating whether it intends to pursue the Counterclaim following the dismissal of Sterling's Complaint.

## V. Conclusion

For the reasons discussed above, Sterling's claim is barred by the statute of limitations. Therefore, accepting Sterling's allegations as true, he has not stated a claim against KCSR under the FELA.

Accordingly,

**IT IS HEREBY ORDERED** that KCSR's motion is **GRANTED** and that Sterling's claims against KCSR are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that KCSR shall file briefing notifying the Court whether it will pursue the Counterclaim in light of this Order within seven days from the date of this Order.

**NEW ORLEANS, LOUISIANA,** this __5th__ day of December, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[73] Rec. Doc. 29 at 3–5 (listing Counts One and Two of Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing arising out of the Settlement Agreement).